# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| **CLINT P. MICHAELSON,** | ) |
| **Plaintiff,** | ) ) |
| v. | ) ) |
| **HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,** | ) **Civil Action No.: 6:17-cv-01393-LSC** ) ) ) |
| **Defendant.** | ) |

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Hartford Life and Accident Insurance Company ("Hartford" or "Defendant"), by and through its undersigned counsel, submits this Answer to Plaintiff's Complaint. Unless expressly admitted herein, Hartford denies the material allegations of Plaintiff's Complaint and demands strict proof thereof. Hartford responds to the individually numbered allegations of Plaintiff's Complaint as follows:

1.  To the extent the allegations of paragraph 1 of Plaintiff's Complaint assert legal theories or conclusions, Hartford states that no response is required. Without waiver and in further response, Hartford admits that Plaintiff's action is governed by ERISA and that Plaintiff purports to seek the relief stated in paragraph 1 of his Complaint, but denies that Plaintiff is due the relief requested, or any relief whatsoever.

2. Upon information and belief, Hartford admits the allegations in paragraph 2 of Plaintiff's Complaint.

3. In response to the allegations of paragraph 3 of Plaintiff's Complaint, Hartford admits that Plaintiff was employed by Hyundai Motor Manufacturing Alabama, LLC ("Hyundai") and that his job title is accurately stated.

4. In response to the allegations of paragraph 4 of Plaintiff's Complaint, Hartford admits that Hyundai sponsors Group Policy No. GLT-675982 (the "Policy") which provides long-term disability ("LTD") coverage for its eligible employees. The Policy speaks for itself regarding its terms and coverage.

5. In response to the allegations of paragraph 5 of Plaintiff's Complaint, Hartford admits that it is a foreign corporation. In further response, Hartford admits that it issued the Policy to Hyundai to insure the group LTD coverage provided as part of the Hyundai's employee welfare benefit plan (the "Plan").

6. In response to the allegations of paragraph 6 of Plaintiff's Complaint, Hartford admits that the Policy is part of an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1). In further response, Hartford denies the remaining allegations of this paragraph, and specifically denies that the Policy constitutes the entire Plan.

7. The allegations of paragraph 7 constitute legal conclusions to which no response is required. Without waiver and in further response, Hartford admits

this Court has federal question subject matter jurisdiction over Plaintiff's Complaint and that this action was properly removed to this Court.

## COUNT I

8. In response to the allegations of paragraph 8 of Plaintiff's Complaint, Hartford reasserts its responses to paragraphs 1 through 7 above, incorporates the same as if fully put forth herein, and further incorporates its affirmative defenses in response thereto.

9. In response to the allegations of paragraph 9, Hartford admits that Plaintiff sought LTD benefits.  Hartford further admits that Plaintiff's last day of work was on or around August 20, 2012.  In further response, Hartford admits that it awarded Plaintiff LTD benefits from February 16, 2013 through February 15, 2015.

10. In response to the allegations of paragraph 10 of Plaintiff's Complaint, Hartford admits that it denied Plaintiff's claim for continued LTD benefits by letter dated February 9, 2015.  Said letter speaks for itself.

11. In response to the allegations of paragraph 11 of Plaintiff's Complaint, Hartford admits that Plaintiff appealed the termination of his LTD claim, through counsel.  Said appeal submissions speak for themselves.

12. In response to the allegations of paragraph 12 of Plaintiff's Complaint, Hartford admits that it denied Plaintiff's appeal by letter dated November 12, 2015. Said letter speaks for itself.

13. In response to the allegations of paragraph 13 of Plaintiff's Complaint, Hartford admits that Plaintiff had medical conditions, fully described by the Administrative Record, but denies the remaining allegations of the paragraph, particularly those that suggest, implicitly or explicitly, that Plaintiff remained "disabled," as that term is defined by the Policy, beyond February 15, 2015.

14. Hartford denies the allegations of paragraph 14 of Plaintiff's Complaint.

In response to the unnumbered "WHEREFORE" clause at the conclusion of Plaintiff's Complaint, Hartford denies that Plaintiff is due the relief requested or any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against Hartford upon which relief can be granted.

## SECOND DEFENSE

Hartford denies the material allegations of the Complaint and demands strict proof thereof.

## THIRD DEFENSE

All actions taken were in accord with the Policy's provisions, the termination of Plaintiff's claims for benefits was correct, legitimate and reasonable and neither arbitrary nor capricious, and there was no abuse of discretion in the administration of the Policy with respect to Plaintiff.

## FOURTH DEFENSE

The causes of action and/or relief sought should be barred and/or precluded by virtue of the express terms and provisions of the Policy, as Plaintiff was not disabled pursuant to the terms and provisions of the Policy.

## FIFTH DEFENSE

The causes of action and/or relief sought should be barred and/or precluded by virtue of the deferential standard of review which should be afforded to Hartford's claim determination.

## SIXTH DEFENSE

To the extent Hartford overpaid past disability benefits, Hartford asserts an equitable lien over such overpaid funds.

**SEVENTH DEFENSE**

To the extent the facts and circumstances as developed in this matter support such a defense or affirmative defense, Hartford reserves the right to rely on the defense that Plaintiff's claims are barred in whole or part by the Policy's limitations provisions, if any, or the applicable statute of limitations.

**EIGHTH DEFENSE**

The factual determinations and interpretations of the Policy was the correct and best interpretations of available evidence and of the Policy's terms and conditions.

**NINTH DEFENSE**

Plaintiff's claims are barred because Hartford discharged its duties in the interest of the Plan's participants and, in doing so, acted in accordance with ERISA and the documents and instruments governing the Plan.

**TENTH DEFENSE**

Plaintiff is precluded from recovering any of the alleged damages under the terms of the Policy, ERISA, and federal common law.

**ELEVENTH DEFENSE**

If Plaintiff recovers benefits under the Policy, such benefits are subject to all of the applicable terms, conditions, and exclusions, including the maximum

duration of benefits provision, recoupment, and offset provisions, as provided for in the Policy.

### TWELFTH DEFENSE

Hartford asserts that Plaintiff failed to demonstrate continuing eligibility for benefits under the terms and provisions of the Policy.

### THIRTEENTH DEFENSE

Hartford's decision to deny Plaintiff's claim for benefits was legally correct and in accord with the terms and conditions of the Policy.

### FOURTEENTH DEFENSE

The termination of Plaintiff's claims was fair, reasonable, based on substantial evidence, consistent with the terms and intent of the Policy, and within the decision maker's discretion under the terms of the Policy.

### FIFTEENTH DEFENSE

At all times relevant to the above-captioned action, the Policy has been administered pursuant to its terms and in conformity with applicable law.

### SIXTEENTH DEFENSE

Plaintiff cannot under ERISA recover or be adjudged entitled to benefits in excess of those provided under the terms of the Policy.

### SEVENTEENTH DEFENSE

Plaintiff's allegations fail to form the basis for an award of attorney's fees pursuant to 29 U.S.C. §1132(g)(1).

### EIGHTEENTH DEFENSE

Plaintiff would not be entitled under any circumstances to an award of attorney's fees or costs incurred prior to the commencement of this action.

### NINETEENTH DEFENSE

Hartford denies that it is required to respond to the allegations in Plaintiff's Complaint to the extent the allegations constitute legal conclusions.

### TWENTIETH DEFENSE

Hartford raises each and every affirmative defense required to be pled by applicable rules of civil procedure should said defenses become applicable as this action proceeds.

### TWENTY-FIRST DEFENSE

Hartford reserves the right to assert other defenses and claims when and if they become appropriate during this action.

WHEREFORE, Defendant Hartford Life and Accident Insurance Company respectfully requests the Court to enter an Order dismissing Plaintiff's Complaint; awarding Hartford the costs expended herein, including its reasonable attorneys'

fees pursuant to 29 U.S.C. §1132(g)(1); and granting such further relief as the Court deems just and proper.

          Respectfully Submitted,

          */s/ William B. Wahlheim, Jr.*
          William B. Wahlheim
          Grace R. Murphy
          Ashlee D. Riopka
          *Attorneys for Defendant Hartford Life and Accident Insurance Company*

**OF COUNSEL**:
**MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North,
Suite 2400
Regions/Harbert Plaza
Birmingham, AL 35203
(205) 254-1000 Telephone
(205) 254-1999 Facsimile
wwahlheim@maynardcooper.com
gmurphy@maynardcooper.com
ariopka@maynardcooper.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following counsel of via the Court's CM/EFC system on this the 24th day of August, 2017:

>R. Willson Jenkins
>210 East Tennessee Street
>Florence, Alabama 35630
>Phone: (256) 766-4840
>willson@bunchandjames.com
>*Attorney for Plaintiff*

>*/s/ William B. Wahlheim, Jr.*
>OF COUNSEL